**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| HAROLD SMITH<br>2734 Cleve Avenue<br>Springfield, Ohio 45505, | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| PERKINS SERVICES, LLC<br>2864 Columbus Avenue<br>Springfield, Ohio 45503 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| **Serve Also:**<br>Perkins Services, LLC<br>c/o Polly A Perkins<br>13555 Plattsburg Road<br>South Charleston, Ohio 45368, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Harold Smith, by and through undersigned counsel, as his Complaint against Defendant Perkins Services, LLC, states and avers the following:

**PARTIES, VENUE, & JURISDICTION**

1. Smith is a resident of the city of Springfield, Clark County, Ohio.

2. Perkins Services is a domestic limited liability company that does business at 2864 Columbus Avenue, Springfield, Clark County, Ohio 45503.

3. Perkins Services is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Smith is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

5. All material events alleged in this Complaint occurred in Clark County, Ohio.

6. This Court has supplemental jurisdiction over Smith's state law claims pursuant to 28 U.S.C. § 1367 as Smith's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00114 against Perkins Services ("Smith EEOC Charge").

9. Smith dually filed the Smith EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

10. On or about July 19, 2022, the EEOC issued a Notice of Right to Sue letter to Smith regarding the Smith EEOC Charge.

11. Smith received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Smith has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Smith has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

14. Smith has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

## FACTS

15. In or about March 2021, Smith began working for Perkins Services.

16. Perkins Services employed Smith as a truck driver.

17. Smith has scoliosis and sciatica ("Smith's Conditions").

18. Smith's Conditions constitute a physical impairment.

19. Smith's Conditions significantly limit him in one or more major life activities, including sitting and walking.

20. Smith has a record of physical impairment.

21. In or about May 2021, Smith told Jed Perkins that the drive to Michigan was aggravating Smith's Conditions.

22. Jed Perkins is the owner of Perkins Services.

23. The drive to Michigan aggravated Smith's Conditions because the roads were exceptionally bumpy.

24. In or about May 2021, Smith asked no longer to be assigned to trips to Michigan ("Request for Accommodation").

25. Smith made the Request for Accommodation because of Smith's Conditions.

26. In the Request for Accommodation, Smith told Perkins that he was still able to make trips to destinations other than Michigan.

27. The Request for Accommodation was reasonable.

28. Perkins Services could have granted the Request for Accommodation without undue burden on the company.

29. Perkins Services did not grant the Request for Accommodation.

30. In response to the Request for Accommodation, Perkins did not engage in the interactive process to determine whether there was an alternative accommodation available.

31. In the week after Smith made the Request for Accommodation, Perkins Services sent Smith to Michigan three times.

32. In or about May 2021, Smith complained to Perkins about the failure to accommodate Smith's Conditions.

33. In or about June 2021, Smith complained to Perkins about the failure to accommodate Smith's Conditions.

34. On or about June 14, 2021, Smith was in severe pain due to Smith's Conditions.

35. On or about June 14, 2021, Smith called off work due to Smith's Conditions.

36. On or about June 16, 2021, Smith returned to work with a doctor's note.

37. On or about June 16, 2021, Perkins Services terminated Smith's employment ("Termination").

38. On or about June 16, 2021, Mike Blair and Rick Lewis told Smith about the Termination ("Termination Meeting").

39. At the Termination Meeting, Blair and Lewis told Smith that the reason for the Termination was that Smith did not seem "enthused" to work for Perkins Services ("Stated Reason").

40. The Stated Reason was not the real reason for the Termination.

41. The Stated Reason was not a sufficient basis to justify the Termination.

42. The Stated Reason was pretextual.

43. Perkins Services has a progressive disciplinary policy ("Discipline Policy").

44. A verbal warning is the lowest level of discipline in the Discipline Policy.

45. Smith did not receive a verbal warning before the Termination.

46. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

47. Smith did not receive a written warning before the Termination.

48. A termination is the highest level of discipline in the Discipline Policy.

49. Perkins Services knowingly skipped progressive disciplinary steps in terminating Smith.

50. Perkins Services knowingly terminated Smith's employment.

51. Perkins Services knowingly took an adverse employment action against Smith.

52. Perkins Services knowingly took an adverse action against Smith.

53. Perkins Services intentionally skipped progressive disciplinary steps in terminating Smith.

54. Perkins Services intentionally terminated Smith's employment.

55. Perkins Services intentionally took an adverse employment action against Smith.

56. Perkins Services intentionally took an adverse action against Smith.

57. Perkins Services knew that skipping progressive disciplinary steps in terminating Smith would cause Smith harm, including economic harm.

58. Perkins Services knew that terminating Smith would cause Smith harm, including economic harm.

59. Perkins Services willfully skipped progressive disciplinary steps in terminating Smith.

60. Perkins Services willfully terminated Smith's employment.

61. Perkins Services willfully took an adverse employment action against Smith.

62. Perkins Services willfully took an adverse action against Smith.

63. On or about June 16, 2022, Perkins Services terminated Smith's employment because of his disability.

64. On or about June 16, 2022, Perkins Services terminated Smith's employment because of his perceived disability.

65. On or about June 16, 2022, Perkins Services terminated Smith's employment in retaliation for his requesting a disability accommodation.

66. On or about June 16, 2022, Perkins Services terminated Smith's employment in retaliation for his opposing discrimination.

67. As a direct and proximate result of Defendant's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

68. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. Perkins Services treated Smith differently than other similarly-situated employees based on his disabling condition.

70. Perkins Services treated Smith differently than other similarly-situated employees based on his perceived disabling condition.

71. On or about June 16, 2021, Perkins Services terminated Smith's employment without just cause.

72. Perkins Services terminated Smith's employment based on his disability.

73. Perkins Services terminated Smith's employment based on his perceived disability.

74. Perkins Services violated ADA when it discharged Smith based on his disability.

75. Perkins Services violated ADA when it discharged Smith based on his perceived disability.

76. Perkins Services violated ADA by discriminating against Smith based on his disabling condition.

77. Perkins Services violated ADA by discriminating against Smith based on his perceived disabling condition.

78. As a direct and proximate result of Perkins Services's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

79. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Perkins Services treated Smith differently than other similarly-situated employees based on his disabling condition.

81. Perkins Services treated Smith differently than other similarly-situated employees based on his perceived disabling condition.

82. On or about June 16, 2021, Perkins Services terminated Smith's employment without just cause.

83. Perkins Services terminated Smith's employment based on his disability.

84. Perkins Services terminated Smith's employment based on his perceived disability.

85. Perkins Services violated R.C. § 4112.02 when it discharged Smith based on his disability.

86. Perkins Services violated R.C. § 4112.02 when it discharged Smith based on his perceived disability.

87. Perkins Services violated R.C. § 4112.02 by discriminating against Smith based on his disabling condition.

88. Perkins Services violated R.C. § 4112.02 by discriminating against Smith based on his perceived disabling condition.

89. As a direct and proximate result of Perkins Services's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: FAILURE TO ACCOMMODATE UNDER ADA

90. Smith informed Perkins Services of his disabling condition.

91. Smith requested accommodations from Perkins Services to assist with his disabilities including not assigning him to travel to Michigan.

92. Smith's requested accommodations were reasonable.

93. There was an accommodation available that would have been effective and would have not posed an undue hardship to Perkins Services.

94. Perkins Services failed to engage in the interactive process of determining whether Smith needed an accommodation.

95. Perkins Services failed to provide an accommodation.

96. Perkins Services violated ADA by failing to provide Smith a reasonable accommodation.

97. As a direct and proximate result of Perkins Services's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

98. Smith informed Perkins Services of his disabling condition.

99. Smith requested accommodations from Perkins Services to assist with his disabilities including not assigning him to travel to Michigan.

100. Smith's requested accommodations were reasonable.

101. There was an accommodation available that would have been effective and would have not posed an undue hardship to Perkins Services.

102. Perkins Services failed to engage in the interactive process of determining whether Smith needed an accommodation.

103. Perkins Services failed to provide an accommodation.

104. Perkins Services violated R.C. § 4112.02 by failing to provide Smith a reasonable accommodation.

105. As a direct and proximate result of Perkins Services's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V:  RETALIATION IN VIOLATION OF ADA

106. Smith restates each and every prior paragraph of this complaint, as if it were fully restated herein.

107. In or about May 2021, Smith requested an accommodation for Smith's Conditions.

108. As a result of Perkins Services's discriminatory conduct described above, Smith complained about the failure to accommodate he was experiencing.

109. Subsequent to Smith's requesting an accommodation, Perkins Services terminated Smith's employment.

110. Subsequent to Smith's complaining about failure to accommodate, Perkins Services terminated Smith's employment.

111. Perkins Services's actions were retaliatory in nature based on Smith's opposition to the unlawful discriminatory conduct.

112. Pursuant to ADA, it is an unlawful discriminatory practice to retaliate against an employee for opposing discrimination.

113. Pursuant to ADA, it is an unlawful discriminatory practice for an employer to retaliate against an employee for requesting a disability accommodation.

114. As a direct and proximate result of Perkins Services's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI:  RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

115. Smith restates each and every prior paragraph of this complaint, as if it were fully restated herein.

116. In or about May 2021, Smith requested an accommodation for Smith's Conditions.

117. As a result of Perkins Services's discriminatory conduct described above, Smith complained about the failure to accommodate he was experiencing.

118. Subsequent to Smith's requesting an accommodation, Perkins Services terminated Smith's employment.

119. Subsequent to Smith's complaining about failure to accommodate, Perkins Services terminated Smith's employment.

120. Perkins Services's actions were retaliatory in nature based on Smith's opposition to the unlawful discriminatory conduct.

121. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

122. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice for an employer to retaliate against an employee for requesting a disability accommodation.

123. As a direct and proximate result of Perkins Services's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Smith respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

- (i) Requiring Perkins Services to abolish discrimination, harassment, and retaliation;
- (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;
- (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;
- (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and
- (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Perkins Services to restore Smith to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Smith for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Smith claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Harold Smith*

## JURY DEMAND

Plaintiff Smith demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

12